65 F.3d 168
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
FARMLAND DAIRIES, INC., Plaintiff,
NFO, Inc.; Joe de Hoog; Kevin D. Johnson; Darrell Thorp,
a partnership trading as Destiny Dairy,
Plaintiffs-Appellants,
v.
Mike ESPY, Secretary of the United States Department of
Agriculture, Defendant-Appellee,
Darigold Farms; Darigold, Inc.; AGRI-Mark, Inc.; Atlantic
Dairy Cooperative; Maryland and Virginia Milk
Processors Association, Inc.,
Intervening Defendants-Appellees.
 No. 94-5659.
 United States Court of Appeals, Sixth Circuit.
 Aug. 29, 1995.
 
 Before: KEITH, RYAN, and BATCHELDER, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 The plaintiffs appeal from the district court's grant of summary judgment for the defendants in this action challenging the validity of the Secretary's November 3, 1992, Revised Interim Amendment of the Orders governing milk pricing for three markets that are regulated under the Agricultural Marketing Agreement Act of 1937, as amended, codified at 7 U.S.C. Sec. 601 et seq. (the AMAA). This appeal raises only one issue: Whether the Secretary violated the Administrative Procedures Act (APA), 5 U.S.C. Sec. 556(d), by failing to consider the "whole record" when he issued the Revised Interim Amendment.
 
 
 2
 We agree with the district court's conclusion that the Secretary did not violate the APA, so we affirm the grant of summary judgment for the defendants.
 
 I.
 
 3
 Although the facts in this case are undisputed, the procedural history of the underlying administrative decision-making and the resulting litigation is complex. The history of the case is ably set out in the district court's unpublished decision in this case, Farmland Dairies, Inc. v. Espy, No. 93-0050-L-(CS) (W.D.Kentucky March 21, 1994), and in its prior related decision, Dairymen, Inc. v. Madigan, No. 92-0244-L(CS) (W.D.Kentucky August 7, 1992). It is unnecessary to restate those facts here except in summary fashion.
 
 
 4
 From July 30 to August 1, 1991, the Secretary held a hearing on a proposal to amend thirty-one market orders to "establish a separate classification and product formula price for milk used to produce butter and nonfat dry milk." 56 Fed.Reg. 33,395. On December 19, 1991, the Secretary issued a Tentative Decision in which he proposed a new price Class III-A for skim milk to be processed into nonfat dried milk (NFDM) in only three markets: those governed by Orders 1, 4, and 124. 56 Fed.Reg. 65801. The Class III-A price would be determined using a "yield factor" that approximated the amount of NFDM that could be processed from skim milk. On January 3, 1992, the Secretary issued an Interim Amendment of Orders in which he adopted the Class III-A price scheme of the Tentative Decision but he used a lower yield factor to determine the Class III-A price. This lower yield factor was based on ex parte communications between interested individuals and administrative decisionmakers.
 
 
 5
 The Interim Amendment adopting Class III-A pricing for the three market orders was challenged in Dairymen, Inc. v. Madigan, which, after a transfer from the Middle District of Tennessee to the Western District of Kentucky, was assigned to Judge Charles Simpson III. In a thorough opinion issued on August 7, 1992, Judge Simpson concluded that all of the plaintiffs' attacks on the Interim Amendment were meritless except for one: the ex parte communication that had resulted in lowering the yield factor was impermissible under the APA. The court enjoined implementing the Interim Amendment until such time as a full public hearing could be had on the issue of the proper yield factor.
 
 
 6
 In response to this injunction, the Secretary conducted a reopened hearing on August 20, 1992, concerning solely the issue of the appropriate yield factor. Subsequent to this reopened hearing, a second reopened hearing was held on October 5-8, 1992, in which evidence was heard on all issues relating to Class III-A pricing--including the appropriate yield factor--for all the concerned markets. On October 27, 1992, the Secretary issued a Revised Interim Amendment that established the appropriate yield factor for Class III-A pricing in Market Orders 1, 4, and 124. The Secretary concedes that in deciding the appropriate yield factor he considered only the evidence presented at the August 20 hearing. This Revised Interim Amendment of Orders became effective on November 3, 1992, and is the subject of the present litigation.
 
 
 7
 On November 23, 1992, this action was filed in the District Court for the District of Columbia. The D.C. District Court denied the requested injunctive relief and transferred the case to the Western District of Kentucky because of Judge Simpson's familiarity with the facts and record. Judge Simpson eventually granted summary judgment for the defendants, and the plaintiffs timely filed a notice of appeal.
 
 II.
 
 8
 The standards that apply to this court's review of a grant of summary judgment are familiar: We review de novo the decision of the district court using the same test that it applies. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991).
 
 
 9
 The plaintiffs' argument is simple: Because the Secretary had not considered the evidence from the October 5-8 hearing when it issued the Revised Interim Amendment of Orders on October 27, the Secretary violated the APA, which requires that a rule or order may only be issued after a consideration of the "whole record." 5 U.S.C. Sec. 556(d). A court may "set aside agency action" if it finds the action was made "without observance of procedure required by law." 5 U.S.C. Sec. 706(2)(D).
 
 
 10
 Judge Simpson was thoroughly familiar with the complex procedural history of the case and the voluminous administrative record. In a careful opinion, Judge Simpson concluded that the subject of the August 20 hearing, that is, the appropriate yield factor for the Interim Amendment covering the three markets, and the subject of the October 5-8 hearing, that is, all issues relating to Class III-A pricing in all the markets, were "discrete" and the Secretary did not violate the APA when he issued the Revised Interim Amendment without considering the evidence relating to yield factor that was presented at the October hearing.
 
 III.
 
 11
 We agree with Judge Simpson's conclusion, and we feel no need to repeat here the work that he has done so well. We therefore AFFIRM the grant of summary judgment for the defendants for the reasons stated in Judge Simpson's opinion.